UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

**UNITED STATES OF AMERICA**

    Plaintiff,

v.

**BRIAN MAURICE BROWN**

    Defendant,

MISCELLANEOUS CASE: 25-50925
Hon. Denise Page Hood
Hon. Mag. Judge Kimberly Altman

Related Criminal Case: 24-cr-20667

_____

Charles Blackwell
22655 Fairmont Dr
Apt 102
Farmington Hills, MI, 48335
313-739-3597
Cblack618@gmail.com

Allison Kriger (P76364)
Attorney for Defendant Brian Brown
500 Griswold Street, Suite 2400
Detroit, MI 48226
(313)-967-0100
akriger@larenekriger.com

United States Government
AUSA Caitlin Casey
AUSA Rajesh Prasad
211 W. Fort St., Suite 2001
Detroit, MI, 48226
caitlin.casey@usdoj.gov
rajesh.prasad@usdoj.gov

_____

**MOTION TO UNSEAL JUDICIAL RECORDS**
_____

    **COMES NOW** Charles Blackwell respectfully moves this Court for an order to unseal the bond detentions filings of Defendant Brian Maurice Brown that were sealed by the Court via a stipulated order by the parties in ECF No. 87.

1

## INTRODUCTION

The United States District Court for the Eastern District of Michigan is not a Star Chamber Court of the 1600's in which criminal proceedings take places under the cloak of secrecy. Members of the public and press, like Movant Blackwell, have a First Amendment and common law right to access judicial proceedings and records filed in federal court. "The federal courts do their business in public—which means the public is presumptively entitled to review every document that a party files with the court for purposes of influencing a judicial decision." *Grae v. Corrections Corp. of America*, 134 F.4th 927, 930 (6th Cir. 2025). So far, Defendant Brian Maurice Brown and the United States Government have trampled over the public's First Amendment rights by stipulating to the sealing of their bond detention hearing filings. ECF No. 87. Making transparency matters worse, on the day of the bond detention hearing on June 4th, 2025, Counsel for Mr. Brown requested that the Court seal Mr. Brown's bond detention hearing and remove the press and public from the Courtroom. ECF No. 90. This Court then postponed the detention hearing so that the parties could brief the issues of closure of the proceedings in light of First Amendment concerns.

Defendant Brian Maurice Brown is accused of possessing and distributing more than five kilograms of cocaine and fentanyl into the community. (ECF No. 1, Indictment Count Two). While Mr. Brown is presumed innocent until proven guilty

2

of these serious drug charges, the Bail Reform Act of 1984, 18 U.S.C § 3142(e)(2) creates a rebuttable presumption that there are no reasonable conditions will reasonably assure the safety of the community from Mr. Brown and that he should remained detained pending trial. Mr. Brown is seeking bond to be released back into the community but the United States Government and counsel for Mr. Brown wants to shield their arguments behind the cloak of secrecy.

The public has the First Amendment right to access the arguments and evidence relied upon by Mr. Brown in support of his rebuttal in attempting to overcome the presumption that he is an danger to the community. Equally as important, the public has a similar interests in reviewing the arguments and positions taken by the United States Government. These arguments belong in the public domain, and they should be promptly unsealed.

## BACKGROUND

On December 4th, 2024, a grand jury charged Defendant Brian Maurice Brown and five others in an eight count, sealed indictment with conspiracy and possession with intent to distribute controlled substances and conspiracy to launder money. (ECF No. 1). A bond detention hearing was scheduled on June 4th, 2025 at 3:30 PM (ECF No. 84). At this hearing, Counsel for Defendant Brown made a request to close the courtroom from the public and press. (ECF No. 90, 1:30 minute mark to 4:44

minute mark). The Court adjourned the detention hearing and asked the parties to brief the issue on closing of the courtroom. (*Id*. at 4:44 minute mark).

## ARGUMENT

"The public has the constitutional right to access records in criminal proceedings." *United States v. DeJournett*, 817 F.3d 479, 481 (6th Cir. 2016). The Sixth Circuit has recognized "a "strong presumption in favor of openness as to court records." *Shane Group, Inc. v. Blue Cross Blue Shield of MI*, 825 F.3d 299, 305 (2016). Under the *Shane Group* rigorous sealing standards, the party seeking to seal judicial records have a "heavy" burden. *Id*. In order to seal judicial records, a party must show (1) a compelling reason that outweighs the public's interest in openness of judicial records (2) must show that their sealing is no broader than necessary. *Id.* A sealing motion "must analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305-306. (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002). Likewise, a "district court that chooses to seal court records must set forth specific findings and conclusions which justify nondisclosure to the public." *Id*. at 306. "[A] court's obligation to explain the basis for sealing court records is independent of whether anyone objects to it." *Id*. at 306

None of the requirements that *Shane Group* imposes took place by the parties or the Court. The Court allowed the parties to essentially circumvent *Shane Group*'s

4

rigorous sealing standards by stipulating to the sealing of Defendant Brown's and the United States Government bond detention filings. See ECF No. 87.

## I. Sixth Circuit precedent requires that members of the public and press be given an opportunity to object and present their views to the court on sealing orders.

Members of the public and press must be afforded the opportunity to object to the sealing orders of the court. In the case of *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983), the Sixth Circuit panel noted "representatives of the press and the general public must be given an opportunity to be heard on the question of their exclusion." (quoting *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, n. 25, (1982)) (explaining in the context of a courtroom closure which implicates First Amendment and common law protection). The Court further noted that "[t[he district court should then allow interested members of the public a reasonable opportunity to present their claims." *Id*. at 476; See also *Application of Storer Communications, Inc.*, 828 F.2d 330, 335 (6th Cir. 1987) (approving of *In re Knoxville News-Sentinel*, stating we "now adopt its formulation for providing notice and an opportunity for the public to present claims of First Amendment rights of access to pretrial criminal proceedings.").

Since 2020, at least four judges in the Eastern District of Michigan have granted similar unsealing orders in criminal cases by Movant Blackwell. See *United*

*States v. Carnord Gordon*, (case no. 20-mc-50789) (ECF No. 2) (granting Movant Blackwell's motion to unseal) (J., Friedman); *United States v. Tiffany Lipkovitch*, (case no. 22-mc-51426) (ECF No. 1) (granting motion to unseal by Movant Blackwell) (J., Michelson); *United States v. Steven Bishop*, (case 2:22-cr-20636) (ECF No. 45) (granting motion to unseal by Movant Blackwell) (J., Leitman); *United States v. Alan Markovitz*, (case 2:23-cr-20058) (ECF No. 27) (same) (J., Parker).

## II. This Court erred and violated Sixth Circuit precedent by allowing the parties to stipulate to the sealing of Mr. Brown's detention filings.

Magistrate Judge Altman erred by allowing the parties to stipulate to the sealing of Mr. Brown's detention hearing filings. ECF No. 87. In *Shane Group*, the Sixth Circuit noted: "a district court that chooses to seal court records must set forth specific findings and conclusions which justify nondisclosure to the public." *Shane Grp. Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 306 (6th Cir. 2016). Most importantly here, the panel emphasized that "a court's obligation to explain the basis for sealing court records is independent of whether anyone objects to it." *Id.* at 306. Thus, it is immaterial that Mr. Brown and the United States Attorney's office both agree that the documents should be sealed. The Court still has an independent obligation to ensure that the documents meet the rigorous sealing standards even if the parties themselves mutually agree that they should be sealed. In *Rudd Equip. Co.*

*v. John Deere*, 834 F.3d 589, 595 (6th Cir. 2016), the Court expressly rejected the practice of stipulated sealing by noting that the litigants "could not have waived the public's First Amendment and common law right of access to court filings." *Id*. at 595.[1]

### A. When a district court fails to set forth specific factual and legal reasons for nondisclosure to the public, that is a basis to vacate the sealing order.

Here, since the Court simply allowed the parties to stipulate to the sealing of the bond detention hearing filings, the Court made no judicial finding of a compelling interest in support of non-disclosure. Nor did the Court articulate as to how it reached the conclusion that the wholesale sealing by the parties was no broader than necessary. This failure by the Court requires the vacating and unsealing of the documents. In *Shane Group*, 825 F.3d at 306, the Court noted that "[a]nd a court's failure to set forth those reasons — as to why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary — is itself grounds to vacate an order to seal." See also *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1176 (6th Cir. 1983) (stating "we conclude that the District Court erred by failing to state

---

[1] *Citizens First National Bank of Princeton v. Cincinnati Insurance Co.*, 178 F.3d 943, 945 (7th Cir. 1999) (emphasizing a judge "may not rubber stamp a stipulation to seal the record.")

7

findings or conclusions which justify nondisclosure to the public. The order of the District Court sealing the documents in the case is, therefore, vacated."); *In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 939 (6th Cir. 2019) (same, vacating sealing order due to the district court failing to provide legal basis).

Since Judge Altman allowed the sealing of the detention hearing filings without making the required factual and legal conclusion to justify non-disclosure to the public, Sixth Circuit precedent requires the vacating of the sealing order.

III. **Even if there is a compelling reason in favor of nondisclosure, the wholesale sealing of documents still violates the public's right of access because the sealing order is not narrowly tailored.**

Even if the parties can somehow demonstrate a compelling reason in favor of non-disclosure, the wholesale sealing of the entirety of these documents would still violate well established Sixth Circuit *Shane Group* sealing precedent because "even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Shane Group*, 825 F.3d at 305. In order to ensure that this narrowly tailored standard has been met, a party seeking to seal judicial records must "demonstrate — on a document-by-document, line-by-line basis — that specific information in the court record meets the demanding requirements for a seal." *Id*. at 308. Here, the Court allowed the parties to circumvent and evade this "document-by-document,

8

line-by-line" burden by simply allowing the parties to stipulate to the sealing of the filings.

In *Lipman v. Budish*, the Sixth Circuit noted that "the complete sealing of Plaintiffs' brief—is not narrowly tailored to serve their need for secrecy." *Lipman v. Budish*, 974 F.3d 726, 754 (6th Cir. 2020). Because "[w]hen the information at issue is limited to just four out of more than fifty pages, redaction—not sealing—is the answer." *Id*. at 754. (emphasis added). The same is true here. Even if the parties can meet their burden of proving a compelling reason in favor of disclosure, the wholesale sealing of Defendant Brown's bond detention filings "is not narrowly tailored to serve their need for secrecy." *Id*. at 754.

## RELIEF REQUESTED

Movant Blackwell respectfully requests that this Court unseal the bond detention hearing filings by Mr. Brown and the United States Government as listed in the stipulated sealing order (ECF No. 87) in its entirety. Alternatively, the Court should require the United States Government and Counsel for Mr. Brown to resubmit proper sealing motion under the *Shane Group* framework demonstrating (1) a compelling reasons that outweighs the public's interest (2) and how their sealing is narrowly tailored for this compelling reason. *Shane Group*, 825 F.3d at 305-306.

Respectfully submitted,

/s/CharlesBlackwell

Dated: July 9th, 2025.

**10**