UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

BRIAN MAURICE BROWN,

        Defendant,

v.

CHARLES BLACKWELL,

Movant

_____/

Case No. 24-cr-20667-1
Case No. 25-mc-50925
District Judge Denise Page Hood
Magistrate Judge Anthony P. Patti

## MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART MOVANT CHARLES BLACKWELL'S MOTION TO UNSEAL JUDICIAL RECORDS (ECF No. 1) AND DENYING AS MOOT BLACKWELL'S MOTION TO EXPEDITE CONSIDERATION OF MOTION TO UNSEAL (ECF No. 8)

### I.  Background

Non-Party Movant Charles Blackwell seeks to unseal certain docket entries in the pending federal criminal case against Defendant Brian Maurice Brown. Specifically, Blackwell, as a member of the public, asks to Court to unseal "the bond detention hearing filings by Mr. Brown and the United States Government as

listed in the stipulated sealing order (ECF No. 87) in its entirety." (ECF No. 1, PageID.9.) These would include, per the stipulated sealing order: "Defendant's Memorandum in Support of Bond and Request for Additional Pretrial Services Investigation, the government's response to Defendant's memorandum, all exhibits, and any other filings concerning the detention hearing scheduled on June 4, 2025[.]" (Case No. 24-20667, ECF No. 87, PageID.263 therein).[1] Blackwell alternatively requests that the Court require counsel in the criminal case to "re-submit [a] proper sealing motion under the *Shane Group* framework [,]" referencing *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (2016). (ECF No. 1, PageID.9, 4.) Defendant Brown opposes the motion and requests that it should be denied, arguing, *inter alia*, that the sealed entries include private information, including family and medical information and untested evidence, and that his right to a fair trial would be undermined through unsealing and that this right outweighs whatever right the public and the press may have in the information. (ECF No. 5, *passim*.) The Government also opposes the motion, arguing, *inter alia*, that the sealing of certain portions of the record was narrowly tailored, necessary and proper. (ECF No. 4, *passim*.) However, the Government alternatively proposes that if "deemed necessary, the government will

---

[1] For ease of reference, all the docket for Case No. 24-20667 will hereinafter simply be referred to as the "criminal case."

refile its memorandum with redactions of specific, sensitive information." (*Id.*, PageID.17.)

Blackwell, in turn filed a reply, among other things arguing that Brown waived certain privacy objections, pointing out the importance of public awareness under the *Shane Group* criteria, and urging that "there are other reasonable, less restrictive measures that can be implemented to ensure that Mr. Brown receive a fair trial." (ECF No. 6, PageID.31, *passim*.) Blackwell subsequently filed an additional motion to expedite the Court's consideration of his request for unsealing. (ECF No. 8.) Both pending motions have been referred to me for a hearing and determination (ECF Nos. 7 & 9); however, the Court finds that a hearing is unnecessary in making its determination, and thus, pursuant to E.D. Mich. LR 7.1(f)(2), this motion will be determined without oral argument. *See also* Fed. R. Civ. P. 78(b).

## II.     Legal Framework

As the Court of Appeals explained in *Shane*:

> The courts have long recognized, therefore, a "strong presumption in favor of openness" as to court records. *Brown & Williamson*, 710 F.2d at 1179. The burden of overcoming that presumption is borne by the party that seeks to seal them. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). The burden is a heavy one: "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). Moreover, the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access. *See Brown & Williamson*, 710 F.2d at 1179.

*Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016).  However, public access is not unlimited, as "[s]ealing is appropriate if it is essential to preserve higher values and is narrowly tailored to serve such ends." *In re Search of Fair Fin.*, 692 F.3d 424, 429 (6th Cir. 2012) (brackets, additional quotation marks, and citations omitted).)  Indeed, "trial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 474 (6th Cir. 1983) (citations omitted).)  Nevertheless, the right of access "may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enter. Co. v. Superior Ct.*, 464 U.S. 501, 510 (1984) (emphasis added).  "The burden to overcome the presumption of openness falls upon the party seeking to keep material out of the public's eyes." *United States v. Markovitz*, No. 23-CR-20058, 2024 WL 3581972, at *1 (E.D. Mich. July 30, 2024) (citing *Shane*, 825 F.3d at 305).  The party seeking closure must present "particularized evidence" that public access "would result in [the identified harm]." *In re Owens*, 843 F. App'x 677, 680 (6th Cir. 2021) (citing *United States v. Doe*, 962 F.3d 139, 147-51 (4th Cir. 2020)).  As this Court recently summarized in *Markovitz*:

> Courts have recognized that harm to a defendant or a defendant's family may constitute a compelling reason warranting secrecy of certain materials. *See, e.g., Doe*, 962 F.3d at 147 (quoting *United States v. Harris*, 890 F.3d 480, 492 (4th Cir. 2018)) ("Courts have recognized that an interest

in protecting the physical and psychological well-being of individuals related to the litigation may justify restricting access [to court proceedings and/or materials]"); *id.* at 147 n. 9 (citing *Harris*, 890 F.3d at 492) ("protecting family members is certainly a compelling interest"); *id.* at 148 (collecting circuit cases holding "that protecting cooperating inmates serves a compelling interest under the First Amendment"); *United States v. Doe*, 870 F.3d 991, 999-1000 (9th Cir. 2017); *see also United States v. Kincaide*, No. 2023 WL 5154527, at *5 (W.D. Ky. Aug. 10, 2023). "And 'as a general rule, the need to protect the well-being of' a defendant 'is even more elevated if judicial records suggest that the defendant may have cooperated with law enforcement." *Doe*, 962 F.3d at 147 (quoting *Harris*, 890 F.3d at 492). Nevertheless, there must be particularized evidence of the specific harm claimed. *See, e.g., Doe*, 962 F.3d at 147 n.9 (recognizing that protecting a defendant's family members may warrant closure but finding that the defendant provided no details about a risk to his family); *In re Owens*, 843 F. App'x at 680 (finding that the defendant did not offer any particularized evidence that public disclosure would result in danger to him); *In re Civil Beat Law Ctr. for Pub. Int.*, No. 21-MC-00298, 2021 WL 4898660, at *3 (D. Hawaii Oct. 14, 2021) (recognizing that "the 'cooperation language' in [the defendant's plea] Agreement could jeopardize both his safety and the Government's ongoing investigation" but noting that "speculative jeopardy is not enough" to overcome the right of access).

*Markovitz*, 2024 WL 3581972, at *2.

## III. Application

In light of these principles, the Court has undertaken a careful *in camera* review of the sealed docket entries in the criminal case implicated by this motion. The Court has also carefully considered whether redaction is practicable for each of these items, given the Government's alternative suggestion. Plaintiff requests that the Court either unseal or require the parties to resubmit a "proper sealing motion" with respect to "the bond detention hearing filings by Mr. Brown and the United States Government as listed in the sealing order (ECF No. 87) …." (ECF No. 1,

PageID.9.) The Court has determined ECF Nos. 76, 86, 88, 92, 95, 98 and 102 in the criminal case come fall within the scope of Plaintiff's prayer for relief and **ORDERS** as follows with respect to each of these:

- **ECF No. 76:** There are only two brief references within this document that require sealing (*see* ECF No. 76, PageID.185 (sealed)), which can and will be achieved by resubmission with appropriate redactions.

- **ECF No. 86:** There are only three brief references within this document that require sealing (*see* ECF No. 86, PageID.210, 231(sealed)), which can and will be achieved by resubmission with appropriate redactions. The Court sees no reasons why the supporting documents that are attached as ECF Nos. 86-1, 86-2 and 86-3 require sealing. Indeed, these types of supporting documents are often read out loud in a typical detention hearing. They are to be refiled as unsealed.

- **ECF No. 88:** There are only three paragraphs within this document that contain information that require sealing (*see* ECF No. 88, PageID.267-268, 287 (sealed)), which can and will be achieved by resubmission with appropriate redactions.

- **ECF No. 92:** The material in this brief contains extensive discussion of material for which the public's need for disclosure is significantly outweighed by the need for privacy, would result in a serious and definable injury if disclosed, and is so intertwined with otherwise non-protectible or innocuous material as to make

redaction of limited pieces impractical and non-sensical. The Court determines that there is no less restrictive alternative to sealing the entire document. *See United States v. Harris*, 204 F. Supp. 3d 10, 15-16 (D. D.C. 2016) ("[T]he factual background provided by the Government in its Addendum and the motion to seal are intertwined such that redacting these documents would render them meaningless."); *see also Astrazeneca, AB v. Dr. Reddy's Labs., Ltd.*, Case No. 05-5553, 2010 U.S. Dist. LEXIS 147676, *5-6 (Jul. 8, 2020 D. N.J.) ("[T]he Court further finding that the parties would suffer a clearly defined and serious injury if the above described information in the Confidential Materials is not sealed; and the Court further finding that there is no less restrictive alternative to the relief sought because the confidential information is intertwined throughout the letter to the Court with the attached exhibits."). Accordingly, the entire document shall remain sealed.

- **ECF No. 95:** The material in this brief contains extensive discussion of material for which the public's need for disclosure is significantly outweighed by the need for privacy, would result in a serious and definable injury if disclosed, and is so intertwined with otherwise non-protectible or innocuous material as to make redaction of limited pieces impractical and non-sensical. The Court determines that there is no less restrictive alternative to sealing the entire document. *Id*. Accordingly, the entire document shall remain sealed.

- **ECF No. 98:** The material in this brief contains extensive discussion of material for which the public's need for disclosure is significantly outweighed by the need for privacy, would result in a serious and definable injury if disclosed, and is so intertwined with otherwise non-protectible or innocuous material as to make redaction of limited pieces impractical and non-sensical.  The Court determines that there is no less restrictive alternative to sealing the entire document.  *Id*.  Accordingly, the entire document shall remain sealed.

- **ECF No. 102:** "[T]he entire purpose of a sidebar conference is to prevent anyone other than those present at the sidebar – an audience typically limited to the judge, counsel, and perhaps court staff – from hearing what is being said." *State v. Anderson*, 350 P.3d 255, 258 (Wash. App. 2015).  The contents of the 4 minute, 8 second separate audio recording of a sidebar at the July 16, 2025 detention hearing were necessarily sealed and shall remain so.

IV.   Findings

With respect to those above-described portions of the records that shall remain under seal, the Court finds that:

- The party or parties who sought closure in each instance presented particularized evidence that public access would result in identifiable harm to identifiable interests.  This is particularly evident to the Court from its review of the sealed opening and reply briefs in support of oral motion to close the

detention hearing, which presents particularized evidence of the specific harm claimed. (ECF No. 92, PageID.301-302 and ECF No. 98, PageID.330-331, criminal case); however, Blackwell's argument (ECF Nos. 1 & 6 herein) and the Government's position in its sealed response to the oral motion to close the detention hearing has convinced the Court that the record closure should be more narrowly tailored, as implemented above (ECF No. 95, PageID.323, criminal case).

- There is a substantial probability that the interests being protected will be harmed absent the sealing of these limited portions of the public record and that the harm to be protected against will come to pass.

- The sealing, as modified by the Court herein, is essential to preserve higher values than the public's right to know, is narrowly tailored for that purpose, and is justified by the most compelling reasons for non-disclosure of judicial records.

## V.  Delay in Effect of this Order

The Local Rules provide for a 14-day period within which to move for reconsideration of a court order, albeit on very limited grounds. E.D. Mich. LR 7.1(h).  Likewise, Fed. R. Civ. P. 72(a) provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).  In order to afford

the Government and the Defendant in Case No. 24-20667 the ability to draw the Court's attention to any highly sensitive information which may have escaped its notice in unsealing portions of this record, the Order will not take effect until **January 16, 2026**. Should a motion for reconsideration or an objection be filed, this Order will automatically be stayed, pending resolution.

Dated: December 22, 2025

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE